FRANK BRUCCULERI LAW CORP.
Frank C. Brucculeri (SBN 137199)
frank@brucculeri.com
34221 Golden Lantern, Suite 203
Dana Point, CA 92629
Tel: (562) 682-7064
Fax: (562) 391-4474

Attorneys for Attorneys for MITSUBISHI LOGISTICS AMERICA CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SOUND UNITED LLC,

Plaintiff,

v.

MITSUBISHI LOGISTICS AMERICA CORPORATION; and DOES 1 to 10,

Defendants.

Case No.: 2:26-cv-07658-PA-RAO

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MITSUBISHI LOGISTICS AMERICA CORPORATION**

Defendant Mitsubishi Logistics America Corporation ("MLAC" or "Defendant") hereby answers the complaint of plaintiff Sound United LLC ("Sound United") as follows:

**ANSWER**

1. Under Federal Rule of Civil Procedure Rule 8(b)(3)–(5), MLAC generally denies each and every allegation of Sound United's complaint except, as stated below, where MLAC either expressly denies the identified allegations on the basis that MLAC lacks information sufficient to form a belief as to their truth, or where MLAC expressly admits a specified allegation:

2. As to paragraph 1, MLAC lacks information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

3. As to paragraph 2, MLAC admits that it is a corporation in business as a transportation intermediary within the United States, but denies it acts were within this judicial district.

4. As to paragraph 3, MLAC lacks information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

5. As to paragraph 4, MLAC admits that this Court has jurisdiction as set forth in said paragraph. Plaintiff's complaint speaks for itself as to its allegations on venue.

6. As to paragraph 5, MLAC admits that plaintiff asserts it cause of action falls under admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

7. As to paragraph 6, MLAC admits that it issued bills of lading covering the ocean carriage of the respective cargoes from the port of loading to the port of discharge as stated in said paragraph. MLAC further admits that it agreed to deliver those containers in the same apparent good order, condition, and quantity as when received, subject to all the terms and conditions of each of those bills of lading it issued in connection with the containers/cargoes.

8. As to paragraph 7, MLAC denies it breached any obligations to the Plaintiff Sound United or that it breached any duties owed to the Plaintiff.

9. As to paragraph 8, MLAC denies the allegations set forth in the said paragraph, including any claims that Sound United has sustained damages.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

1. Sound United's complaint fails to allege facts sufficient to constitute a valid cause of action against MLAC.

### Second Affirmative Defense

### (Standing)

2. On information and belief, Sound United lacks standing and is not the proper party to bring this suit for the alleged loss of or damage to cargo.

### Third Affirmative Defense

### (COGSA, Harter)

3. If MLAC has any liability to Sound United in connection with the matters alleged it its complaint, which liability MLAC denies, MLAC claims the right either to be exonerated from such liability or to have its liability limited by the provisions of the Carriage of Goods by the Sea MLAC ("COGSA"), codified at 46 U.S.C. § 30701 Note § 4(5) (formerly 46 U.S.C.A. § 1304(5)), and the Harter MLAC, 46 U.S.C. § 30701–30707.

### Fourth Affirmative Defense

### ($500 Per Package/CFU Limitation)

4. To the extent MLAC is found to be a carrier or bound by a bill of lading issued in connection with the subject cargo, its liability for alleged loss of or damage to the cargo, if any, is limited to $500 per package or customary freight unit pursuant to COGSA and the terms of the bills of lading under which the subject cargo was carried.

**Fifth Affirmative Defense**

**(Perils of the Sea)**

5. MLAC is not responsible for the alleged loss of or damage to the cargo because the loss or damage was caused by perils, dangers, or accidents of the sea, relieving the carrier of such liability under the general maritime law of the United States and/or COGSA.

**Sixth Affirmative Defense**

**(Bills of Lading)**

6. As the issuer of bills of lading covering the shipment of the subject cargo, MLAC is entitled to assert all terms and conditions as stated in or incorporated into those bills of lading, including all provisions limiting MLAC's liability.

**Seventh Affirmative Defense**

**(Fault of Others)**

7. The loss of or damage to the subject cargo, if any, was caused wholly or in part by the fault of persons, entities, or events for whom MLAC is not responsible.

**Eighth Affirmative Defense**

**(Comparative Negligence)**

8. The alleged loss of or damage to the subject cargo was caused by the negligence of other parties for whom MLAC is not responsible; principles of comparative negligence reduce the liability of MLAC by the percentage of fault attributable to any of those other parties for whom MLAC is not legally responsible.

///

///

///

///

**Ninth Affirmative Defense**

**(Mitigation of Damages)**

9. Sound United has failed to take reasonable steps to mitigate its alleged damages for the loss of or damage to the subject cargo.

**Tenth Affirmative Defense**

**(Lack of Duty – General Maritime Law)**

10. MLAC does not owe Sound United a duty of care sounding in tort under the General Maritime Law of the United States in the circumstances alleged in its complaint.

**Eleventh Affirmative Defense**

**(Lack of Contractual Privity)**

11. MLAC has no contractual privity with Sound United and therefore owed Sound United no duty or other obligations sounding in contract.

**PRAYER**

MLAC requests that Sound United take nothing by its complaint; that judgment be entered in favor of MLAC; and that MLAC be awarded its costs of suit incurred in defending this action as well as any other relief as the Court may find just and proper.

Respectfully submitted,

Dated: November 16, 2026 FRANK BRUCCULERI LAW CORP.

By: *<u>/s/ Frank C. Brucculeri</u>*
Frank C. Brucculeri, Esq.
Attorneys for MITSUBISHI LOGISTICS AMERICA CORPORATION